UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEFFREY AIDEN MENDENHALL,

Plaintiff,

v.

MICHAEL REESE, *et al.*,

Defendants.

Case No. 6:25-cv-02426-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Jeffrey Aiden Mendenhall ("Plaintiff") brings § 1983 claims for violation of his Eighth and Fourteenth Amendment rights and state law claims against thirty-four individuals and John or Jane Does employed by the Oregon Department of Corrections ("Defendants"). Compl. ¶ I.B, 12. Plaintiff alleges that Defendants failed to provide him with adequate medical treatment after he was injured at Eastern Oregon Correctional Institution. Compl. 4-5, ECF No. 2. Defendants move to dismiss for failure to state a claim. For the reasons below, Defendants' Motion to Dismiss (ECF No. 14) is denied.

**BACKGROUND**

In September 2021, Plaintiff suffered severe burns after another adult in custody threw three gallons of 210-degree water on Plaintiff while they were working in a kitchen in Eastern Oregon Correctional Institute. Compl. ¶¶ IV.D, V.; *Mendenhall v. Griner*, No. 23-cv-01255, 2024 WL 4950276, at *1, (D. Or. Dec. 2, 2024) (hereinafter "*Mendenhall I*"). In August 2023,

Plaintiff filed an action against Oregon state officials for failing to protect him from the other adult in custody and for providing inadequate medical care for the resulting injuries to his left ear. *Mendenhall I*, 2024 WL 4950276, at *1-2. Plaintiff alleged that the state officials refused to send him to the hospital, gave him burn cream and pills that did not improve his condition, and did not arrange for him to have a needed operation to repair his ear. *Id.* at *2. Plaintiff's inadequate medical care claims proceeded to summary judgment in that case but failed because Plaintiff did not exhaust his available administrative remedies under the Prison Litigation Reform Act. *Id.* at *4-5. Plaintiff then settled his suit with the state officials on March 20, 2025, receiving $5,000 in exchange for a release of his claims. Hall Decl. ¶¶ 3, 4, ECF No. 15; Ex. 101 at 1-2, ECF No. 15-1.

Plaintiff filed this action on December 29, 2025. Compl. 1. Plaintiff alleges that Defendants failed to provide him with adequate medical care for the burns he suffered in 2021 by, among other actions, delaying his surgery until August 2025. Compl. ¶ IV. Plaintiff alleges this delay compromised his inner ear bones, caused tinnitus to develop in his ear, permanently impaired his hearing, and resulted in anxiety issues. Compl. ¶¶ IV.-V.

Defendants move to dismiss all claims on grounds that (1) they are barred by claim preclusion and (2) Plaintiff released Defendants from liability in the prior settlement agreement. Defendants conceded their claim preclusion argument in their reply brief. Defs.' Reply Supp. Mot. Dismiss 1, ECF No. 20 (acknowledging "the lack of a final adjudication" with respect to Plaintiff's inadequate medical care claim); *see Obrien v. Bisignano*, 142 F.4th 687, 694 n.6 (9th Cir. 2025) ("[E]ven where there is, strictly speaking, no procedural default or forfeiture, a party's failure in a reply brief to respond to a particular argument raised in an opponent's answering briefing may nonetheless be construed as an *abandonment* of certain arguments

or claims."). The Court therefore only considers Defendants' argument that the prior settlement bars Plaintiff's claims.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court must liberally construe complaints

filed by a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

Defendants attached the March 20, 2025, settlement agreement ("Settlement") to their Motion to Dismiss and rely on it to argue that Plaintiff fails to state a claim. Generally, a court may not rely on matters outside the pleadings to resolve a 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(d). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A court's review of a motion to dismiss under 12(b)(6) is therefore limited to "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1048 (9th Cir. 2025) (quoting *Abcarian v. Levine*, 972 F.3d 1019, 1022 (9th Cir. 2020)). The Court denies Defendants' Motion because it relies on a settlement agreement that is not subject to judicial notice or incorporation by reference and improperly relies on material outside the pleadings to assert an affirmative defense.

### I. Defendants' Arguments

Defendants fail to offer any argument that the Settlement is properly noticeable or incorporated into the complaint. Defendants cite the Court's "inherent power to enforce summarily a settlement agreement involving an action pending before it." Defs.' Mot. Dismiss 5, ECF No. 14 (quoting *In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1985)). While courts generally do possess such power, that power alone does not enable a court, in a subsequent action, to take notice of a private settlement agreement not filed in a prior action to dismiss the subsequent action for failing to state claim. *Cf. Suchy*, 786 F.2d at 901-03 (affirming bankruptcy court's dismissal on jurisdictional grounds after reviewing stipulation from the same action).

## II. Judicial Notice

A court may take judicial notice of facts "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This allows courts to take judicial notice of certain facts in public records such as court documents, public records of agencies, or transcripts submitted to the court. *See Khoja*, 899 F.3d at 999, 1001. Defendants' motion relies on a private settlement agreement that was not filed with the *Mendenhall I* Court. Other district courts in this circuit have declined to take judicial notice of similar private settlement agreements. *See, e.g.*, *Ghianni v. Steiner*, No. 24-cv-2332, 2026 WL 1726278, at *4 (S.D. Cal. June 15, 2026) (citing cases); *cf. ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2024) ("Because the settlement agreement *was filed with the bankruptcy court* and *is a publicly available record*, it is properly subject to judicial notice . . . ." (emphasis added)). Although Plaintiff does not dispute the contents of the Settlement, Defendants omit any argument that the Settlement is a generally known record or is publicly available. The Court has not been provided with sufficient information to take judicial notice of the Settlement as generally known or as a public record, and it declines to do so.

## III. Incorporation by Reference

Under the doctrine of incorporation by reference, the Court may consider "certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. In operation, the doctrine allows courts to take notice of documents referred to extensively in a complaint or documents that form the basis of a plaintiff's claim. *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "[T]he mere mention of the existence of a document is insufficient to

incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The doctrine may apply, however, where an insurance claim is based on the insurance plan's coverage, a stock fraud claim is based on the contents of SEC filings, or a defamation claim depends on information surrounding a photograph. *See, e.g.*, *Ritchie*, 342 F.3d at 908 (discussing cases); *Khoja*, 899 F.3d at 1002 (discussing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)). Incorporation by reference does not reach situations where "the document merely creates a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002.

Here, Plaintiff's claim makes a single reference to the fact that Plaintiff settled a claim with Defendants out of court. Compl. ¶ VIII.D. Plaintiff's claim alleging inadequate medical care is not premised on the Settlement. The Court therefore declines to incorporate the Settlement by reference.

**IV. Dismissal Based on an Affirmative Defense**

The argument that a release bars a plaintiff's claim is an affirmative defense. *Cellular 101, Inc. v. Channel Comms., Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008); *accord Becker v. Hoodoo Ski Bowl Developers, Inc.*, 269 Or. App. 877, 880 (2015); *Wieck v. Hostetter*, 274 Or. App. 457, 470 (2015) (stating a defendant bears the burden of proof at trial of the affirmative defense of release). An affirmative defense is generally improper to consider at this stage:

> Ordinarily affirmative defenses may not be raised by motion to dismiss. But a complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading. An affirmative defense is grounds for dismissal at the pleading stage only if "the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense."

*Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citations and alterations omitted).

The face of Plaintiff's complaint does not clearly give rise to Defendants' release defense. The complaint omits any reference to the terms of the Settlement, and the Court cannot consider those terms in the absence of proper judicial notice or incorporation.

**V. The Terms of the Settlement**

Even if the Court were to consider the terms of the Settlement, it is not clear on the face of the complaint and the terms of the Settlement that all of Plaintiff's claims are barred. Plaintiff's complaint includes allegations of Defendants' misconduct after *Mendenhall I* settled. A settlement should not be construed to bar claims that are outside the contemplation of the parties. *Patterson v. Am. Med. Sys., Inc.*, 141 Or. App. 50, 58-60 (1996). The Settlement reaches "any that were or could have been brought in this action" and

> includes any damages arising from the incidents or events alleged in the lawsuit (including past and future medical and mental health expenses . . . whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

Hall Decl. Ex. 101 at 1-2. Plaintiff has alleged that he suffered injuries resulting from delays in his medical treatment that occurred after the Settlement agreement was entered into. Whether those injuries actually resulted from the events alleged in *Mendenhall I* or could have been brought in *Mendenhall I* raises factual issues that are inappropriate to consider here.

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss (ECF No. 14) is DENIED. The Court gives Defendants leave to renew their argument that Plaintiff has released his claims at summary judgment.

DATED this 26th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge